No. 26,548.

STATE OF KANSAS, *Appellee*, v. J. C. WILSON, *Appellant.*

SYLLABUS BY THE COURT.

LARCENY—*Weight and Sufficiency of Evidence.* In a criminal action the evidence examined and held sufficient to support a verdict of guilty of petty larceny.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed November 7, 1925. Affirmed.

*Edward T. Riling* and *John J. Riling,* both of Lawrence, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *George K. Melvin,* county attorney, and *R. E. Melvin,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of the larceny of a mink fur neck piece of the value of ten dollars, and appeals.

The facts were, substantially, as follows: Will Green, who resides at 636 Ohio street, Lawrence, was awakened about 4:30 a. m. May 10, 1925, by a crash in his garage. He found his car backed out of the garage and the bumper hanging to the door. He saw a man jump from the car, run north in the alley fifty or seventy-five feet, then disappear across a vacant lot. Green called the police who arrived in ten minutes. The defendant was found by a police officer about two and a half blocks from Green's house, walking briskly away. The officer felt the outside of defendant's pockets, found that he had no weapons, but did have a flash light. The defendant was loaded into the back seat of a police car and hauled to the police station. He told several inconsistent stories. Upon arrival at the police station he did not have the flash light, and denied having had one. A search of the police car in which he had been riding revealed the flash light with a mink fur neck piece folded around it. Defendant then admitted ownership of the flash light, but denied all knowledge of the fur. The fur belonged to Mrs. Gaunt, and was later identified by her. She lived directly across the alley from Green. The defendant stated that he had come from Kansas City on the two o'clock bus. Another story was that he came from Wichita. He stated that on his arrival, not having

Larceny, 36 C. J. § 483.

money to obtain a room, he walked over into West Lawrence and there slept on the bare cement floor of an empty garage; that it was cold and he had no covers; that he did not know why he chose the garage to sleep in; that he did not know where the garage was, and since his arrest had not been back to locate it. He also stated that he was coming from a rooming house when picked up by the police; that he knew they had nothing on him, and for this reason he threw away the flash light; that he did not want to be held for something he did not do. He said he was a geologist, but when asked some questions concerning geology which he could not answer, said he guessed he was not a geologist. There were other inconsistent statements which need not be recited.

Mrs. Gaunt testified that, while she had no special place for keeping the fur, she kept it at home; that it was supposed to be kept in the cloak room, but that it had on occasion been left in the car; that it had not been out of her possession, so far as she knew, until it was found at the police station; that she heard a disturbance that morning across the alley from her home; that there was nothing missing about the premises that morning except the fur. Marie Gaunt testified that she heard a commotion around her garage or across the alley from her place on or about May 10.

The only contention urged here is that the verdict was not sustained by the evidence. The sufficiency of the evidence to go to the jury ordinarily depends on the variant circumstances of each case. (5 Wigmore on Evidence, 512, § 2513.) The circumstances here, we think, leave a fair inference that the defendant concealed the fur where he concealed the flash light, and if he concealed the fur, the jury was warranted in finding that he stole it. We are unable to say that there was not sufficient evidence to sustain the verdict.

The judgment is affirmed.